# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| OLIVER MISSBACH,<br>Plaintiff,<br><br>v.<br><br>UTAH STATE HOSPITAL, *et al.*,<br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:23-CV-217-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff, an inmate at Utah State Hospital, filed his civil complaint *pro se*. *See* Dkt. No. 2. In the order granting Plaintiff's motion to proceed in forma pauperis, the court directed Plaintiff to pay an initial partial filing fee of $5.32 within thirty days and to submit his consent to having the remaining fee collected in increments from his inmate account. *See* Dkt. No. 4. The court warned that if Plaintiff failed to do so, "this case will be dismissed." *Id*. at 2. When Plaintiff did not comply, the court issued an order to show cause no later than July 12, 2023, why this case should not be dismissed for failure to prosecute or to comply with the court's order and required Plaintiff to respond by July 12, 2023. *See* Dkt. No. 6. The order warned that "[f]ailure to do so will result in this action's dismissal for failure to prosecute and to comply with the court's orders." *Id*. at 1. Plaintiff failed to do so and has not communicated with the court in over four months. *See* Dkt. Nos. 1–3.

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the

defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]," (2) "the amount of interference with the judicial process," (3) the litigant's culpability, (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction, and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interest of justice, the court will dismiss this action without prejudice, it believes the *Ehrenhaus* factors would support dismissal with prejudice given Plaintiff's repeated failures to comply with court orders, the court's clear notice to Plaintiff of the consequences of his failure to comply, and Plaintiff's failure to communicate with the court.

Plaintiff has disregarded both the order to file his inmate-account statement and the order to show cause. And he has done so despite explicit warnings that failure to comply with the court's orders would result in dismissal of this action.

In light of these actions, the court finds that Plaintiff has failed to (1) prosecute this action, (2) comply with this court's orders, or (3) show good cause why this action should not be dismissed. The court accordingly dismisses Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

**IT IS SO ORDERED.**

DATED this 17th day of August, 2023.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Court